[No. 9,218. Department Two. — February 4, 1884.]

## CHARLES ALLENBERG et al., Respondents, *v.* MARKS ZELLERBACH, Appellant.

MORTGAGE—FORECLOSURE—DEFICIENCY—DECREE.—In a suit to foreclose a mortgage upon mining claims, and also to procure a decree for the sale of certain shares of stock pledged as further security for the payment of the debt secured by the mortgage, the sale of which shares had been enjoined at the suit of the defendant by the order of another court, a decree may be rendered for the foreclosure of the mortgage and sale of the mining claims, and may further provide, that if, on a sale of the mining claims there be a deficiency, the plaintiff may, upon notice to the defendant, apply to the court for an order for the sale of the stock.

APPEAL from a judgment of the Superior Court of the county of Sierra.

This was an action to foreclose a mortgage upon certain mining claims, and also to foreclose a lien upon certain shares of stock pledged by the defendant to the plaintiffs as additional security for the payment of the mortgage debt. The court found that in an action in another court between the same parties the sale of the stock had been restrained by injunction, and that the injunction was still in force, and a decree was rendered ordering the sale of the mining claims, and an application of the proceeds to the payment of the debt, and further providing that if the proceeds should be insufficient to pay the debt, the plaintiff might apply to the court upon notice to the defendant, for an order directing the sale of the stock to satisfy the deficiency, and that until such order no process issue for the sale of the stock.

The other facts appear in the opinion of the court.

*R. H. Taylor*, for Appellant.

*Jarboe & Harrison*, for Respondents.

The Court.—It is urged here that there is no finding as to the manner in which plaintiff Allenberg got possession of the thirty thousand shares of Altoona stock.

We have examined the findings, and find all the issues in relation to this stock found upon. There is no issue as to the manner in which Allenberg got possession of the stock.

There are averments in the answer that on the 5th day of, May, 1879, defendant filed his complaint in another court in an action against Allenberg and the Goldsteins, in which complaint certain allegations were made in regard to the manner in which Allenberg got possession of the stock referred to. The issue raised by these averments, so far as material, was found upon. We see no error in the decree. The court recognizes in the decree the pendency of the injunction order restraining the sale of the stocks referred to above, and forbears to make in the decree any order for their sale. It may never become necessary to make any order for their sale, as the other property ordered by the decree to be sold may bring enough to pay the indebtedness secured. If on the sale of the property last mentioned there should be a deficiency, the court directs in its findings and decree that the plaintiff may, upon notice to the defendant, apply to the court for a writ or order directing the sale of the stock. When such application is made, the defendant may set up the injunction order restraining the sale, if it is then in existence; and we cannot anticipate that the court will then make an order directing the sale of the stock, unless it shall appear that the injunction order has been dissolved.

The judgment is affirmed.